IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND VALENTI, #M-42132,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00673-JPG |
| | ) |
| **S. A. GODINEZ, RANDY GROUNDS,** | ) |
| **ADMINISTRATIVE REVIEW BOARD,** | ) |
| **DANA TYLKA, DEE DEE BROOKHART,** | ) |
| **SUSAN KERR, DOCTOR WILLIAMS,** | ) |
| **and DOCTOR SHAH,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Raymond Valenti, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He is serving two 3-year sentences for two counts of aggravated criminal sexual abuse of a child. In the complaint, Plaintiff complains of inadequate medical care and threats at Robinson in 2014 (Doc. 1, pp. 3-6). Plaintiff now sues six Robinson officials, including Defendants Grounds (warden), Tylka (assistant warden), Brookhart (assistant warden), Kerr (medical administrator), Williams (doctor), and Shah (doctor), for violating his right to be free from cruel and unusual punishment under the Eighth Amendment (Doc. 1, pp. 4-6). He sues S. A. Godinez (Illinois Department of Corrections ("IDOC") Director) and the Administrative Review Board ("ARB") for failing to respond to his grievances (Doc. 1, pp. 3-4). Plaintiff seeks monetary damages, a prison transfer, injunctive relief, and a temporary restraining order (Doc. 1, pp. 6-7).

1

**The Complaint**

Plaintiff's claims arise from the allegedly inadequate medical care he has received from Defendants Williams, Shah, and Kerr since his admission at Robinson in early 2014. Plaintiff is currently seventy-five years old. He alleges that Defendant Williams diagnosed him with a "bad heart" (Doc. 1, p. 6). Plaintiff disputes the diagnosis. He maintains that the nurses interfered with the leads on his electrocardiogram ("EKG"), thereby skewing the results. Plaintiff has discussed this issue with Defendant Williams. Instead of a second EKG, the doctor prescribed Coumadin[1] and allegedly forced Plaintiff to take it against his will.

Plaintiff blames Coumadin for uncontrolled nosebleeds, dizziness, weight loss, and headaches he has since developed (Doc. 1, pp. 5-6). The exhibits to the complaint reveal that Plaintiff sought treatment of these symptoms in February, April, and May (Doc. 1, pp. 13, 15, 40, 50). As recently as May 29th, Plaintiff filed a grievance complaining that his requests for treatment were being ignored or denied. Plaintiff names Defendants Williams, Shah, and Kerr in conjunction with this claim.

Plaintiff also alleges that he suffered a pinched nerve in his back in February, when he fell from a table where he sat (Doc. 1, p. 6). Since then, Defendant Williams has "deliberately denied the plaintiff medical treatment for the pinched nerve" (Doc. 1, p. 6). Defendants Shah and Kerr refused to treat the condition.

Finally, Plaintiff alleges that Defendant Kerr threatened him (Doc. 1, p. 5). He claims that she responded to his requests for medical care by telling Plaintiff to "shut his fu**ing mouth or else" (Doc. 1, p. 5). Although the complaint repeatedly refers to threats, this is the only specific one Plaintiff cites.

---

[1] Coumadin is the brand-name equivalent of warfarin, an anticoagulant typically used to prevent the formation of blood clots, i.e., thrombosis and thromboembolism.

Plaintiff now sues Defendants Williams, Shah, and Kerr for failing to provide him with adequate medical care, forcing him to take Coumadin, and threatening him. He sues the remaining defendants, including Defendants Grounds, Tylka, Brookhart, Godinez, and ARB, for failing to respond to his grievances by addressing these issues.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or

3

conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the complaint survives preliminary review under § 1915A.

**Discussion**

The complaint articulates a colorable federal claim under the Eighth Amendment against Defendants Williams, Shah, and Kerr for allegedly forcing Plaintiff to take Coumadin and failing to treat his resulting symptoms (**Count 1**). It also states a viable claim against Defendants Williams, Shah, and Kerr for failing to treat the pinched nerve in Plaintiff's back (**Count 2**). However, no Eighth Amendment claim has been stated against any other defendants, who are all non-medical professionals merely involved in processing Plaintiff's grievances. When a prisoner is under the care of prison medical professionals, non-medical prison officials "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Plaintiff seeks injunctive relief, Defendant Grounds shall remain in this action for purpose of this request. However, all remaining claims shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

The complaint states no separate claim against Defendant Kerr, or anyone else, for threatening Plaintiff (**Count 3**). It is well established that allegations of verbal threats establish no constitutional claim. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (derogatory remarks do not constitute constitutional violations); *McDowell v. Jones*, 990 F.2d

433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (8th Cir. 1987) (prison official's use of vulgar language did not violate inmate's civil rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (verbal threats by correctional officer do not amount to a constitutional violation). While deplorable, Defendant Kerr's alleged threat is not actionable as an independent claim. With that said, Plaintiff may rely on this threat as evidence of Defendant Kerr's deliberate indifference toward him under **Counts 1** and **2**.

The complaint also states no claim against Defendants Godinez, the ARB, Grounds, Tylka, or Brookhart for ignoring Plaintiff's grievances (**Count 4**). Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). For these reasons, the complaint fails to state a cognizable claim against Defendants Godinez, the ARB, Grounds, Tylka, or Brookhart.

**Request for TRO**

Plaintiff seeks a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65 to address his lack of medical attention and threats (Doc. 1, p. 6). He has been allowed to proceed on his medical claims (**Counts 1** and **2**). However, Plaintiff's claim of

threats will not proceed (**Count 3**). Accordingly, the Court will now consider whether Plaintiff can proceed with his request for a TRO as to **Count 1** or **2**.

In order to obtain preliminary injunctive relief, whether through a TRO or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Upon preliminary review, the Court finds that the allegations giving rise to **Count 1** appear to satisfy these requirements. Plaintiff has been allowed to proceed with his claim that he has been forced to take Coumadin, despite excessive and persistent bleeding and other symptoms that have persisted since February. As of May 29th, his symptoms remained untreated, and it appears that he was still required to take the prescription medication. The Court is concerned about the irreparable harm this could cause Plaintiff and shall therefore allow him to proceed with his request for a TRO against Defendants Williams, Shah, Kerr, and Robinson's warden at this time. Accordingly, **Count 1** shall be referred to United States Magistrate Judge **Philip M. Frazier** for a hearing on Plaintiff's request for a TRO.

While Plaintiff shall be allowed to proceed with **Count 2** against the same defendants, he has not demonstrated that he will suffer irreparable harm without a TRO. Beyond alleging that he has a pinched nerve in his back, Plaintiff includes virtually no allegations describing the current impact of the pinched nerve on his ability to engage in routine daily activities. Therefore, he has failed to show any irreparable harm that will result from denying his request

6

for a TRO. At this point, the Court deems it appropriate to deny Plaintiff's motion for a TRO as to **Count 2** without prejudice.

Plaintiff's request for a TRO as to **Count 1** shall be **REFERRED** for a hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to United States Magistrate Judge **Philip M. Frazier**, who shall resolve the request for injunctive relief as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

**Failure to Pay Filing Fee or File for IFP**

The case was opened without payment of a filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). The Court is allowing Plaintiff to proceed with his request for a TRO out of an abundance of caution and concern for Plaintiff's immediate health. However, Plaintiff should make no mistake. His obligation to pay the full filing fee or file an IFP Motion remains.

On June 11, 2014, the Clerk advised Plaintiff of this obligation and set a 30-day deadline for paying the full filing fee or filing a properly completed IFP Motion and certified trust fund account statement. Plaintiff is hereby **ORDERED** to provide the Court with a filing fee of $400.00 or a completed IFP Motion on or before July 11, 2014). If Plaintiff files an IFP Motion, the Court must review Plaintiff's trust fund account statement for the 6 month period immediately preceding the filing of this action. Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 12/1/2013 to 6/11/13. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Clerk

previously provided Plaintiff with a copy of the IFP Motion. **Failure to comply with this Order may result in dismissal of this action for want of prosecution or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

**Disposition**

  **IT IS HEREBY ORDERED** that **COUNTS 3** and **4** are **DISMISSED** with prejudice from this action for failure to state a claim upon which relief may be granted.

  As to **COUNTS 1** and **2**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **WILLIAMS, SHAH, KERR,** and **GROUNDS**. The Clerk shall issue the completed summons, and prepare a service packet for each defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order. The Clerk shall deliver the service packets for each defendant to the United States Marshal Service for personal service on each defendant.

  Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before June 30, 2014),** the United States Marshals Service **SHALL personally serve** upon Defendants **WILLIAMS, SHAH, KERR,** and **GROUNDS** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for TRO.

  Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a hearing on Plaintiff's request for a TRO as to Count 1. Further, **subject to Plaintiff's *timely* payment of the full filing fee of $400.00 or his filing of an IFP Motion**, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has not been granted because Plaintiff has not yet filed an IFP Motion. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 16, 2014**

                                                       *s/J. Phil Gilbert*
                                                       **U.S. District Judge**