IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND VALENTI, M42132,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. **3:14-cv-00673-SMY-PMF** |
| | ) |
| **S.A. GODINEZ**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Court Judge:**

Before the Court are the defendants' motions for summary judgment (Docs. 34 and 37).[1] The Defendants argue that the Plaintiff failed to exhaust available administrative remedies prior to filing suit. Plaintiff Raymond Valenti did not file a response in opposition.[2] Valenti filed this lawsuit pursuant to 42 U.S.C. § 1983 on June 11, 2014 claiming that various Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc., ("Wexford") employees violated his constitutional rights. Following the 28 U.S.C. § 1915A merits review (Doc. 3), the Plaintiff proceeds on the following claims:

> **Count 1:** Eighth Amendment deliberate indifference to serious medical needs claim against Williams, Shah and Kerr for forcing the Plaintiff to take Coumadin and failing to treat his resulting symptoms.
>
> **Count 2:** Eighth Amendment deliberate indifference to serious medical needs claim against Williams, Shah and Kerr for failing to treat the pinched nerve in the Plaintiff's back.

---

[1] The parties' pleadings did not present any genuine disputes of material fact and so the Court declined to hold a *Pavey* evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

[2] Valenti was provided notice (Docs. 36 and 39) of possible consequences of his failure to respond. *See Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (a pro se plaintiff in a civil case "is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment").

Defendant Grounds is included as a defendant in his official capacity for the purposes of injunctive relief. For the following reasons, the Defendant's motions for summary judgment are hereby GRANTED.

Plaintiff Raymond Valenti is an inmate at Robinson Correctional Center ("Robinson") and the events that give rise to this litigation occurred at that facility. According to the complaint, Valenti arrived at Robinson in early January, 2014. Valenti asserts that Dr. Williams, Dr. Shah, and Ms. Kerr (Health Care Unit Administrator) have been deliberately indifferent to his medical needs. Documents attached to the Complaint demonstrate that Valenti filed emergency grievances concerning his medical care to the Robinson Warden on February 20, 2014; April 25, 2014; and May 29, 2014. However, there is no evidence that Valenti filed an appeal of these grievances to the IDOC Administrative Review Board. An affidavit (Doc. 38-1) from Leslie McCarty, Chairperson for the ARB, states that as of July 14, 2014, the ARB had not received any appeals from Valenti. Valenti filed his complaint on June 11, 2014.

The defendants now seek summary judgment on the basis that the Plaintiff failed to exhaust administrative remedies prior to filing suit. Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The reviewing court must construe the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

Inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before filing a lawsuit. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has

taken a strict compliance approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Inmates must follow all grievance rules established by the correctional authority. *Id*.

For non-emergency grievances, the Illinois Department of Corrections ("IDOC") has a three-step process that prisoners are required to follow in order to exhaust administrative remedies. At step one, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810.

At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the prison Grievance Officer within sixty (60) days of discovery of the dispute. *Id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Warden (also known as the Chief Administrative Officer or "CAO"). *See* 20 Ill.Admin.Code § 504.830.

The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the Warden at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. 20 Ill.Admin.Code § 504.850. The Director of IDOC and the ARB are required to make a "final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." *Id*. Administrative remedies may usually be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

The process for emergency grievances is slightly different. Emergency grievances are forwarded directly to the Warden, and "if the [Warden] determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis." 20 Ill. Admin. Code § 504.840. If the Warden makes a determination that the grievance is not of an emergency nature the Plaintiff may appeal the

decision directly to the ARB. 20 Ill. Admin. Code. § 504.840, *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir.2005). The Plaintiff is not required to resubmit an emergency grievance through the normal non-emergency process. *See Thornton*, 428 F.3d at 694; *Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) ("In *Thornton* … we explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary.").

Here, there is no evidence that Valenti appealed his grievances to the ARB. Valenti failed to complete the last step in the IDOC grievance process and therefore failed to exhaust administrative remedies prior to filing suit. With that said, Valenti should be aware that dismissal for failure to exhaust is without prejudice. *See Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir.2004). Moreover, in Illinois the limitation period for filing 42 U.S.C. § 1983 claims is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).

## CONCLUSION

The Plaintiff failed to exhaust available administrative remedies before filing this lawsuit and the Defendants' motions for summary judgment are hereby GRANTED.

**SO ORDERED.**

**DATED:** May 7, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
